**TRACY INDUSTRIES, INC.,
a corporation, Plaintiff,**

v.

**ALMA PRODUCTS I, INC., a Michigan corporation, Third–party–defendant–cross–claimant—Appellant,**

**Bank One Trust Company NA, a corporation; Bank One Corporation, a corporation, e/s/a Bank One NA, Defendants–third–party–plaintiffs—Appellees,**

v.

**Emmet E. Tracy, Jr.; Denice T. Summers; Mary Kay Farley, Third–party–defendants—Appellees.**

No. 06–55040.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Oct. 18, 2007.

Timothy L. Joens, Esq., Timothy L. Joens & Associates, Irvine, CA, Thomas J. Ward, Esq., Ward Associates, Washington, DC, for Plaintiff.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Diann H. Kim, Esq. Overland Borenstein Scheper & Kim, LLP Los Angeles, CA for Third–Party–Defendant–Cross–Claimant—Appellant.

Richard S. Ruben, Esq., Pillsbury Winthrop Shaw Pittman LLP, Costa Mesa, CA, for Defendants–Third–Party–Plaintiffs—Appellees.

George E. Schulman, Esq., Danning Gill Diamond & Kollitz, Los Angeles, CA, for Third–Party–Defendants—Appellees.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM **

Alma Products I, Inc. ("Alma") appeals from the district court's grant of summary judgment to Emmet E. Tracy, Jr., Denice T. Summers and Mary Kay Farley (the "Shareholders' Representatives"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Alma argues that the district court erred in granting the Shareholders' Representatives motion for summary judgment. Alma specifically argues that the Shareholders' Representatives breached their fiduciary duty to Tracy Industries and engaged in wrongdoing, that they certified that escrow funds were being directed to Tracy Industries and that Alma is entitled to equitable indemnity from the Shareholders' Representatives.

Alma's arguments lack merit. Alma has not demonstrated that the Shareholders' Representatives engaged in any wrongdoing or made any certification or representation that the escrow distribution was being made directly to Tracy Industries' account. Under Michigan law, which applies in this case, "[t]he right to common-law indemnity is based upon an equitable principle: where the wrongful act of one party results in another being held liable, the latter party is entitled to restitution from the wrongdoer." *Paul v. Bogle,* 193 Mich.App. 479, 484 N.W.2d 728, 737 (1992). We conclude the district court did not err in granting summary judgment to the Shareholders' Representatives because Alma failed to show any genuine issue as to whether the Shareholders' Representatives committed a wrongful act that would entitle Alma to equitable indemnification.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.